Dr. Vinton Savelle Barnes, D.C., President Arkansas State Board of Chiropractic Examiners 101 East Capitol, Suite 209 Little Rock, AR 72201
Dear Dr. Barnes:
I am writing in response to your request for an opinion on the following:
 On behalf of the Arkansas State Board of Chiropractic Examiners I am requesting an Attorney General's Opinion on whether a chiropractor licensed in the State of Arkansas can perform the technical manipulation component of Manipulation Under Anesthesia. The process has been approved in most states. Please note that the chiropractor does not perform the anesthesia, only the manipulation.
 RESPONSE
In my opinion, the applicable law, A.C.A. § 17-81-102, does not allow a chiropractor licensed by the State of Arkansas to perform this procedure. I have enclosed a copy of my predecessor's opinion reaching the same conclusion, Op. Att'y Gen. 92-354.
The practice of chiropractic is defined in A.C.A. § 17-81-102 (Repl. 2002) as follows:
 (6)(A) "Practice of chiropractic" means the engagement in the diagnosis and analysis of any interference with normal nerve transmission and expression, and the procedure preparatory to and complementary to the correction thereof by an adjustment of the articulations of the vertebral column, its immediate articulations, including spinal adjustments, spinal manipulations, and spinal mobilizations, such as any type of pressure, force, thrust, or passive movement, singular or plural, applied to the spinal vertebrae or their adjacent articulations by hand or mechanical device or by other incidental adjustments, for the restoration and maintenance of health. The practice of chiropractic includes therapy, the normal regimen, and rehabilitation of the patient for the purposes of removing any injury, deformity, or abnormality of human beings without the use of drugs or surgery.
Id. (emphasis added).
The Arkansas Supreme Court has stated with regard to statutory interpretation, as follows:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen. 2005-072 2004-339.
One of my predecessors addressed this very question in Op. Att'y Gen.92-354. My predecessor concluded that the plain and ordinary language of the statute prohibited a chiropractor licensed by the State of Arkansas from performing any procedure that used drugs or surgery. The definition of the "practice of chiropractic" has not been substantively altered in the intervening fourteen years.
The plain and ordinary language of A.C.A. § 17-81-102 defines the practice of chiropractic as including no use of drugs or surgery. It does not specify who administers the drugs, only that no use of drugs is to be included in the practice of chiropractic in Arkansas. In my opinion, a chiropractor licensed by the State of Arkansas may not perform "manipulation under anesthesia" because of the scope of the practice of chiropractic defined by A.C.A. § 17-81-102. While the Board may issue regulations to interpret its authorizing statutes, those regulations may not be inconsistent with state law. Dept. of HumanServ.s Child Welfare Agency Review Bd. v. Howard,___Ark.___,___ S.W.3d___(Jun. 29, 2006). As noted above, in my opinion, the state law is clear in prohibiting the use of drugs such as for anesthesia in the practice of chiropractic. As my predecessor noted, "[t]he wiser and more certain course of action would be to seek legislative clarification permitting chiropractors this additional refinement of their practice." Op. Att'y Gen. 92-354 at 3.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE
Attorney General
MB:JMD/cyh
Enclosure