Mr. Sam Cummings, Chairman Arkansas HVAC/R Licensing Board Post Office Box 1437, Slot #H-24 Little Rock, AR 72203-1437
Dear Mr. Cummings:
I am writing in response to your request for an opinion on the following:
The Arkansas Heating, Ventilation, Air Conditioning and Refrigeration (HVAC/R) Licensing Board is requesting your opinion regarding its authority to review plans and specifications for HVAC/R mechanical installations and the ability to set fees for such plan review services.
According to Arkansas Code [§ 17-33-202 (Supp. 2005),] the HVAC/R Licensing Board may:
(1) Adopt certain rules and regulations to ensure the proper administration and enforcement of this chapter;
(2) Adopt a mechanical code and standards for the conduct of HVACR work;
[* * *]
(10) Establish fees for the proper administration of the requirements of this chapter.
The question is, "does this statute give the Board the authority to adopt rules regulations to start a mechanical plan review process and charge fees for rendering such service?"
RESPONSE *Page 2 
In my opinion, the specific language of Chapter 33 of Title 17 of the Arkansas Code Annotated authorizes the HVAC/R Licensing Board to promulgate and charge a fee for a mechanical plan review process. In my opinion, this conclusion is also supported by the provisions of the Arkansas Mechanical Code.
The HVAC/R Licensing Board is part of the HVAC/R Section of the Department of Health.[1] As referenced in your request, the HVAC/R Licensing Board's authority is delineated in Arkansas Code Annotated § 17-33-202, which states in pertinent part:
The HVACR Board may:
(1) Adopt certain rules and regulations to ensure the proper administration and enforcement of this chapter;
(2) Adopt a mechanical code and standards for the conduct of HVACR work;
* * *
(5) Establish HVACR code inspection programs;
* * *
(10) Establish fees for the proper administration of the requirements of this chapter.
Id. Additionally, A.C.A. § 17-33-204 (Repl. 2001) lists the appropriate fees to be promulgated by the HVAC/R Board, stating:
(a)(1) The HVACR Licensing Board shall adopt a fee schedule by rule and regulation. The fee schedule may include, but is not limited to:
(A) Testing fees;
(B) License fees;
* * *
(E) Inspection fees[.]
Id. (emphasis added). In questions of statutory interpretation, the Arkansas Supreme Court has stated that a statute will first be construed "just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language." Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, 210 S.W.3d 878 (2005) (citing Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003)). Furthermore, when the language is plain and unambiguous in its ordinary meaning, there is no need to "resort" to further statutory construction. Id.; see also Ops. Att'y Gen. 2005-072 and 2004-339.
The plain and ordinary language of A.C.A. § 17-33-202 appears to authorize the promulgation of a mechanical plan review process and charging a fee for such a process.[2] Sections 17-33-202 and 17-33-204
of the Arkansas Code appear to grant the HVAC/R Licensing Board this authority. Specifically, the HVAC/R Licensing Board is authorized to adopt standards of HVAC/R work, establish code inspection programs, and establish fees for the administration of its powers and duties. A.C.A. § 17-33-202. The fees enumerated in A.C.A. § 17-33-204 are expressly designated to be representative and not exclusive. Fees collected by the HVAC/R Licensing Board are to be deposited in the "HVACR Licensing Fund" pursuant to A.C.A. § 17-33-205 (Repl. 2001).
Furthermore, I am also persuaded by the existing language of the Arkansas Mechanical Code. Specifically, the Arkansas Mechanical Code provides in pertinent part:
103.12 Submission of Plans. The administrative authority having jurisdiction may require that plans and specifications be examined prior to the issuance of permits for the purpose of ascertaining whether the mechanical system complies with the requirements of this Code.
103.13 Inspection or Plan Review Fees. The administrative authority having jurisdiction may charge an inspection or plan review fee. Fees for state inspection or plan review shall be determined by the Arkansas Heating Ventilation, Air Conditioning and Refrigeration Licensing Board. *Page 3 
AMC § 103.12 — .13. The phrase "administrative authority" is not defined in the AMC. However, the AMC does provide, in pertinent part:
201.3 Terms defined in other codes. Where terms are not defined in this code and are defined in the Arkansas Fire Prevention Code, Vols. I, II and III, National Electrical Code, Arkansas Gas Code or the Arkansas Plumbing Code, such terms shall have meanings ascribed to them as in those codes.
AMC § 201.3. The Arkansas Plumbing Code ("APC") defines "administrative authority" as follows:
ADMINISTRATIVE AUTHORITY. The administrative authority (code official) board, department or agency established and authorized by the state, city of other political subdivision to administer and enforce the provisions of the State Plumbing Code as adopted or amended. State Administrative [sic] means the State Health Officer or his or her designee. The Administrative Authority (code official) is hereby authorized to enforce the provisions of this code. The State Administrative Authority is to render interpretations of this code, which are consistent with its intent and purpose.
APC § 202. When this definition is applied to the AMC, notably interpreting the original phrase "plumbing code" to mean "mechanical code" in the AMC, the HVAC/R Licensing Board appears to already possess the authority to establish a mechanical plan review process and fee.
When combined with the specific statutory authority to impose fees and to have such fees credited to the HVAC/R licensing fund, in my opinion a court would hold that the HVAC/R Licensing Board has the authority to implement a mechanical plan review service and assess fees for such a service pursuant to A.C.A. § 17-33-202.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 384 of 2007 authorized the Governor to separate the Department of Health Human Services, which had been combined by Act 1954 of 2005, establishing the distinct Department of Health and Department of Human Services. Governor Beebe issued Executive Order 07-05 on May 2, 2007 establishing the separate Department of Health and Department of Human Services effective on July 1, 2007.
[2] It is important to note that A.C.A. § 20-7-123 (Repl. 2005), generally authorizes the Department of Health to charge fees for plan reviews required by law and to deposit such funds in the "Public Health Fund." However, the canons of statutory construction require that when two statutes are in conflict addressing the same topic, the general statute must yield to the specific statute. DaimlerChrysler Servs. N. Am, LLC v. Weiss, 360 Ark. 188, 197, 2000 S.W.3d 405 (2004). By the plain and ordinary language of the statutes, A.C.A. § 17-33-202 is more specific than § 20-7-123, and therefore would control.