The Honorable Robbie Wills State Representative Post Office Box 306 Conway, Arkansas 72033-0306
Dear Representative Wills:
I am writing in response to your request for an opinion on the following:
 1) Can a school district/superintendent prohibit a teacher from attending State Board of education approved conferences "conducted by bona fide professional organizations within the State of Arkansas" (as noted in Ark. Code Ann. § 6-17-702(a)(1)(A)), even if the teacher has completed or will complete the required staff development hours by way of district-provided professional development?
 The language in § 6-17-702(a)(1)(A) has no qualification on the right to attend staff development sessions conducted by bona fide professional organizations. However, it states that no "school district shall deny certified personnel the opportunity to attend certified instructional staff development . . . "
 Further, the only qualification of any type mentioned in the law appears in § 6-17-702(a)(1)(B) but that has nothing to do with the fact that the school district can refuse certified personnel the opportunity to attend. That language simply states that only 2 days of the conferences may be counted towards fulfillment of staff development required by the Standards of Accreditation of Arkansas Public Schools ("SAAPS"). *Page 2 
 2) Does a school district have to pay teachers who attend conferences, even though the conferences may take place on "student interaction" days?
 I realize that [Op. Att'y Gen. 93-380] may have already answered these questions, but I would like reaffirmation of this position.
RESPONSE
In my opinion, with respect to Question One, the plain and ordinary language of A.C.A. § 6-17-702 (Repl. 1999) forbids a school district from prohibiting certified teaching personnel from attending a State Board of Education approved conference conducted by a bona fide
professional organization in Arkansas. With respect to Question Two, I agree with my predecessor's conclusion in Op. Att'y Gen. 93-380 that a school district must pay a teacher attending such a conference even if the conference is occurring on a "student interaction" day. I have enclosed a copy of Op. Att'y Gen. 93-380 for your convenience.
Question One: Can a school district/superintendent prohibit a teacherfrom attending State Board of education approved conferences "conductedby bona fide professional organizations within the State of Arkansas"(as noted in Ark. Code Ann. § 6-17-702(a)(1)(A)), even if the teacherhas completed or will complete the required staff development hours byway of district-provided professional development?
In my opinion, the plain and ordinary language of A.C.A. § 6-17-702
prohibits a school district from denying certified personnel the opportunity to attend a conference as described in your request.
Arkansas Code Annotated § 6-17-702 provides in pertinent part:
 (a)(1)(A) No school district shall deny certified personnel the opportunity to attend certified instructional staff development sessions conducted by bona fide professional organizations within the State of Arkansas.
 (B) Certified personnel may count up to two (2) days of five and one-half (51/2) hours each of attendance at instructional professional *Page 3 
development sessions conducted by bona fide professional organizations toward fulfillment of the five (5) days of staff development required by the Standards for Accreditation of Arkansas Public Schools, provided the sessions have been certified by the Department of Education.
When interpreting a statute, the Arkansas Supreme Court has set forth the following standard:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22,210 S.W.3d 878 (2005); see also Ops. Att'y Gen. 2005-072; and 2004-339. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. ACW, Inc. v.Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997).
In my opinion, the plain and unambiguous language of A.C.A. § 6-17-702
does not allow a school district to prohibit certified personnel from attending a properly certified session of a bona fide professional organization. The statue clearly states that no school district is to "deny certified personnel the opportunity" to attend a conference such as the one described in your request. The language of the statute does not appear to be open to multiple interpretations — it plainly forbids a school district from impeding a teacher that is certified from attending an approved *Page 4 
conference. There is no qualifying language regarding when a school district could prohibit such attendance.
In my opinion, a school district may not prohibit certified teaching personnel from attending a conference such as described in your request for an opinion. The answer to your first question is therefore "no."
Question Two: Does a school district have to pay teachers who attendconferences, even though the conferences may take place on "studentinteraction" days?
Yes. I agree with the opinion of my predecessor in Op. Att'y Gen.93-380 which stated:
 It is my opinion, generally, however, that a teacher's contract pay should not be reduced if the teacher opts to attend the AEA sessions, (as long as the sessions are certified by the Department of Education). This conclusion, in my opinion, is consistent with the legislative intent to allow teachers to attend these sessions. In fact, the Standards provide that teachers shall not be required to take personal leave to attend the sessions. See Rules and Regulation 5.03. If they are not required to take personal leave, then certainly their pay is not to be reduced because of such attendance. If the school district cannot set aside the AEA convention dates as staff development days on the school calendar, or otherwise give teachers the option to attend these sessions as two of their staff development days (so that they are not also counted as student interaction days), then in my opinion the district must allow the teachers to attend and must continue to pay the full contract rate of pay despite the fact that the sessions occur on "student interaction" days.
Id. at 2-3.
There have been no amendments to the statute that would change this interpretation nor have the Arkansas courts had opportunity to interpret this statute. Furthermore, Rule 5.03 referenced above is now Rule 5.02 of the Rules Regulations Governing Attendance at Instructional Professional Development Sessions. It still prohibits a school district from requiring a teacher use personal *Page 5 
leave to attend an "approved instructional staff development session."Id. In my opinion, a school district is still required to pay a certified teacher while the teacher is attending an approved instructional staff development session at a conference of a bonafide professional organization.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1