The Honorable Bryan King State Representative 871 County Road 814 Green Forest, Arkansas 72638-2675
Dear Representative King:
I am writing in response to your request for an opinion on the following questions:
 1. Does the taxing authority language for cities to levy an advertising and promotions tax under A.C.A. 26-75-602(c) include any other establishments besides the ones that are specifically stated, "hotel, motel, or short-term condominium rental accommodations?" Does the language in the above mentioned Code section include cabins, cottages, bed and breakfasts, camp grounds, or any other lodging facilities that are not hotels, motels or short-term condominium rentals?
 2. By choosing to use the Advertising and Promotion Commission Act, A.C.A. 26-75-601 et seq., instead of Secs. 26-75-701 through -705 for the taxing authority, is the City of Eureka Springs limited to only taxing hotels, motels, and short-term condominium rental accommodations under its advertising and promotions tax ordinance?
RESPONSE
Question 1: Does the taxing authority language for cities to levy anadvertising and promotions tax under A.C.A. 26-75-602(c) include anyother establishments *Page 2 besides the ones that are specifically stated, "hotel, motel, orshort-term condominium rental accommodations?" Does the language in theabove mentioned Code section include cabins, cottages, bed andbreakfasts, camp grounds, or any other lodging facilities that are nothotels, motels or short-term condominium rentals?
In my opinion, the answer to this question is not readily apparent.[1] Legislative clarification appears warranted.
Subsection 26-75-602(c) of the Arkansas Code (Supp. 2007) provides in pertinent part:
 The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, or short-term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more[.]
(Emphasis added.)
In responding to your question, I am guided by the following paramount principles of statutory interpretation. As the Arkansas Supreme Court recently noted in King v. Ochoa, 08-257 (Ark. 6-5-2008):
 When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. . . . A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. . . . When a *Page 3 
statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used.
As further noted in Macsteel, Parnell Consultants v. Ar. Ok. GasCorp., 363 Ark. 22, 210 S.W.3d 878 (2005):
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. . . . When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id
See also Ops. Att'y Gen. 2005-072 2004-339.
As phrased, your question appears to assume that what you describe as "cabins, cottages, bed and breakfasts, camp grounds or any other lodging facilities" would not qualify as "hotels, motels or short-term condominium rental accommodations." If this assumption were correct, the answer to your question would clearly be "no," given that the statute expressly lists only "hotels, motels or short-term condominium rental accommodations" as lodgings subject to what is commonly termed the "hamburger tax." However, I gather that the upshot of your question is whether "cabins, cottages, bed and breakfasts, camp grounds or any other lodging facilities" might fall within the parameters of the statute — an inquiry that requires me to analyze what range of lodgings might fall within the categories of "hotels, motels or short-term condominium rental accommodations." *Page 4 
In addressing this question, I will apply the following ordinary-language definitions set forth in Random House Webster'sUnabridged Dictionary (2d ed. 1999):
 Hotel — 1. a commercial establishment offering lodging to travelers and sometimes to permanent residents, and often having restaurants, meeting rooms, stores, etc., that are available to the general public.
 Motel — a hotel providing travelers with lodging and free parking facilities, typically a roadside hotel having rooms adjacent to an outside parking area or an urban hotel offering parking within the building.
 Condominium — 1. an apartment house, office building, or other multiple-unit complex, the units of which are individually owned, each owner receiving a recordable deed to the individual unit purchased, including the right to sell, mortgage, etc., that unit and sharing in joint ownership of any common grounds, passageways, etc.
 2. a unit in such a building.
In the absence of legislative or judicial guidance, I am unable to opine as to whether your reference to "cabins, cottages, bed and breakfasts, camp grounds or any other lodging facilities" might under certain circumstances fall within the statutory designation of "hotels, motels or short-term condominium rental accommodations." In my opinion, any inquiry into this question would need to be highly case-specific and hence could only be undertaken by a finder of fact — an inquiry that my office is neither authorized nor equipped to undertake in an official opinion. It may be, for instance, that the luxuriant cabins located in some political subdivisions might be considered a hotel or motel complex as defined above. Determining as much, however, would entail conducting a factual inquiry on a case-by-case basis. Similarly, while a campground would appear never to fall under any of the above three definitions, I cannot offer this conclusion as being foregone as a matter of law. I can do no more than suggest that if the legislature wishes to extend the scope of covered properties beyond the relatively easily understood terms it has used in the statute, it may do so during the next legislative session. *Page 5 
Question 2: By choosing to use the Advertising and PromotionCommission Act, A.C.A. 26-75-601 et seq., instead of Secs. 26-75-701through -705 for the taxing authority, is the City of Eureka Springslimited to only taxing hotels, motels, and short-term condominium rentalaccommodations under its advertising and promotions tax ordinance?
In my opinion, the answer to this question is "yes."
As discussed in my response to your previous question, so long as the City of Eureka Springs has established an Advertising and Promotion Commission pursuant to A.C.A. § 26-75-601 et seq., it will indeed be restricted to levying a tax only upon "hotel, motel, or short-term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town." A.C.A. § 26-75-602(c)(1). As noted above, however, the precise scope of this statutory provision is not entirely clear. For your convenience, I am attaching a copy of Op. Att'y Gen. 2007-236, which addresses various questions you posed relating to the City of Eureka Springs' apparently successful attempt to change its advertising and promotion program from that authorized under26-75-701 through -705 to that authorized under 26-75-601 et seq. This opinion discussed the procedures for changing an advertising and promotion program from one organized under one of the above referenced subchapters to one organized under the other. As you may be aware, the following definition of "lodging" subject to A P taxation under A.C.A. § 26-75-701 (Supp. 2007) might be read more broadly than the definition set forth in subchapter 6:
 (c)(1) As used in this subchapter, "lodging" means furnishing for profit temporary accommodations based on a rental, lease, or other agreement.
 (2) "Lodging" includes the furnishing for profit of:
 (A) A hotel room, motel room, or other similar room that provides accommodations for a traveler;
 (B) A condominium rental agreement; and
 (C) A meeting or party room facility. *Page 6 
 (3) "Lodging" does not include the rental or lease of an accommodation for thirty (30) consecutive days or more.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I should note that this question closely tracks one posed in Op. Att'y Gen. 2007-236, in which you asked, inter alia, whether in a local ordinance imposing a hamburger tax should add a reference to "`cabins, cottages, bed and breakfasts' etc." as being "specifically name[d] . . . as collectors." In that opinion, which involved the language to be contained in a particular local ordinance, I remarked only that determining the propriety of such an ordinance should be reviewed by local counsel. *Page 1