The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, Arkansas 72116-8528
The Honorable Wilhelmina Lewellen State Representative 1922 Wolfe Street Little Rock, Arkansas 72202
The Honorable Barry Hyde State Representative 208 North Beech Street No. Little Rock, Arkansas 72114
Dear Senator Salmon and Representatives Hyde and Lewellen:
I am writing in response to your joint request for an opinion on the following questions:
 1. Should the Nursing Board's revocation of a nursing license be considered permanent when the circumstances of a case may fit provisions outlines in Arkansas Code Annotated 17-87-312, subsections (e) and (g)(1)?
 2. Does the Code or Rules and Regulations for the State Nursing Board outline time deadlines for reconsideration of license revocation or waiver hearings; and
 3. If said requests are not considered permanent, are there rules and regulations that define the process for (waiver) hearings on cases that fit these special circumstances? *Page 2 
RESPONSE
With respect to your first question, I believe that if the Nursing Board has revoked a nurse's license and the revocation has not been successfully appealed, the revocation is permanent. With respect to your second question, in accordance with the Arkansas Administrative Procedure Act, the Arkansas State Board of Nursing Rules afford a nurse whose license has been revoked a period of 30 days from the date of notice to appeal the revocation. However, pursuant to A.C.A. § 17-87-312(g), upon the request of "an affected applicant for licensure" or "[t]he person holding a license subject to forfeiture," the Nursing Board may waive the disqualifying provisions of subsection (e) and (f)(2). With respect to your third question, as noted above, an applicant for or the holder of a nursing license may within the above referenced 30-day period request that the disqualifying provisions of subsection (e) and (f)(2) be waived. If the applicant or nurse fails to make such a request within the recited time period, I believe the revocation will be permanent.
Question 1: Should the Nursing Board's revocation of a nursing licensebe considered permanent when the circumstances of a case may fitprovisions outlines in Arkansas Code Annotated 17-87-312,subsections (e) and (g)(1)?
In my opinion, unless the Nursing Board elects to waive the provisions of A.C.A. § 17-87-312(e) and (f)(2) during the revocation process, or the revocation is overturned upon timely appeal, the answer to this question is "yes."
Subsection 17-87-312(e) (Supp. 2007) provides in pertinent part:
 (e) Except as provided in subdivision (l)(1) of this section, no person shall be eligible to receive or hold a license issued by the board if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses[1] by any court in the State of Arkansas or of any similar offense *Page 3 
by a court in another state or of any similar offense by a federal court. . . .
The subsection subsequently lists 33 disqualifying offenses.
The referenced subsection (l)(1), which was enacted in the most recent amendment to A.C.A. § 17-87-312, see Acts 2005, No. 1923, § 2, qualifies subsection (e) as follows:
 For purposes of this section, an expunged record of a conviction or a plea of guilty or nolo contendere to an offense listed in subsection (e) of this section shall not be considered a conviction, guilty plea, or nolo contendere plea to the offense unless the offense is also listed in subdivision (l)(2) of this section.
Subsection (l)(2) lists a number of serious disqualifying offenses and further states that a conviction for any of the listed offenses will result in "permanent disqualification."
Subsection (g)(1), which you reference in your question, provides:
 The provisions of subsection (e) and subdivision (f)(2) of this section may be waived by the board upon the request of:
 (A) An affected applicant for licensure; or
 (B) The person holding a license subject to revocation.
The referenced subsection (f)(2) provides:
 Except as provided in subdivision (l)(1) of this section, upon receipt of information from the Identification Bureau of the Department of Arkansas State Police that the person holding the letter of provisional licensure has pleaded guilty or nolo contendere to, or has been found guilty of, any offense listed in subsection (e) of this section, the board shall immediately revoke the provisional license. *Page 4 
In construing this statutory scheme, I am guided by the following:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22,210 S.W.3d 878 (2005); see also Ops. Att'y Gen. 2005-072 and 2004-339.
In my opinion, the statutory provision that controls in answer to your question is A.C.A. § 17-87-312(g)(11), which is unambiguous in providing that the various disqualifications set forth in subsections (e) and (f)(2) may be waived only with respect to an "applicant for licensure" or for a person "holding a license subject to revocation." (Emphases added.) No provision in the subchapter suggests that a waiver might be granted to a person whose license has already been revoked.[2] In accordance with the Administrative Procedure Act, A.C.A. § 25-15-201et seq., an applicant or license holder may appeal an adverse decision regarding licensure by the Nursing Board within 30 days of having been served with notice of the decision. See Arkansas State Board of Nursing Rules, Section V(G). However, *Page 5 
no provision of the Code or the Nursing Rules contemplates that a nurse whose license has been revoked and not timely restored upon appeal may be relicensed thereafter.[3]
 Question 2: Does the Code or Rules and Regulations for the StateNursing Board outline time deadlines for reconsideration of licenserevocation or waiver hearings?
Yes. As noted in my response to your previous question, an applicant or license holder may challenge the Nursing Board's decision regarding licensure within 30 days of having been notified of the decision.
Question 3: If said requests are not considered permanent, are thererules and regulations that define the process for (waiver) hearings oncases that fit these special circumstances?
I am not entirely certain why you reference "requests" rather than "revocations" in your question. However, as noted above, once the time to appeal the Nursing Board's decision regarding licensure has run, the revocation or denial of licensure will be final.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL Attorney General
[1] Among the recited offenses are various categories of murder, kidnapping, rape, sexual assault, endangering the welfare of a minor, incest, arson, endangering the welfare of an incompetent and felonious adult abuse.
[2] I infer from your reference to the Nursing Board's "revocation of a nursing license" that you are concerned regarding the permanency of such a determination once it has been made. I gather that you are not inquiring about the permanency of the lesser authorized disciplinary actions such as suspension or limitation of a license as authorized in A.C.A. § 17-87-309 (Supp. 2007).
[3] Nursing Rules Section XI does address the "renewal" of licenses on a biennial basis or upon application if a license has lapsed. This section further authorizes the Nursing Board to suspend a license for disciplinary reasons and provide for its subsequent "reinstatement." Nothing in this section, however, suggests that a license might be subject to renewal following its outright revocation for disciplinary reasons.