B.J. and D.R., Juveniles *v*. STATE of Arkansas

CA 96-378                                937 S.W.2d 675

Court of Appeals of Arkansas
Division II
Opinion delivered February 5, 1997

*Robert A. Newcomb*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

MARGARET MEADS, Judge. Appellants, B.J. and D.R., are juveniles who were adjudged delinquent for having each committed two counts of battery in the third degree and one count of violent criminal group activity. On appeal, they argue that the trial court erred in adjudicating them delinquent on the charge of engaging in violent criminal group activity under Ark. Code Ann. § 5-74-108 (Repl. 1993). Appellant B.J. also contends that the evidence is insufficient to support the finding that he committed battery in the third degree with regard to Charles Sypret. We find these arguments without merit and affirm the convictions as modified herein.

The charges stem from two separate incidents which occurred on December 12, 1995. B.J., D.R., Tony Cragar, and Dana Reed were riding in a car driven by Daniel Reed. They followed a truck carrying Robert Washburn and passenger Nick Summers into a cul de sac, blocked the truck's path, and a fight between occupants of the respective vehicles ensued.

Summers testified that both he and Washburn were pulled from the truck, he was hit several times, was chased down the street, and was kicked repeatedly after he fell down. Summers identified both D.R and B.J. as his assailants. Beth Longing testified that she saw three or four men pulling another young man out of the truck and then chasing him down the street. She went inside her house to call 911 and saw that the young man was bloody when she came back outside.

Later that day, Charles Sypret was attacked by four individuals as he walked home from school. Sypret testified that Daniel Reed, B.J. and Tony Cragar surrounded him, that B.J. hit him in the nose and broke it, and that he would require surgery. Sypret testified that D.R. was also present during the fight. Marcus Joliett testified that he witnessed the altercation between Sypret

and Cragar, Daniel Reed, B.J., and D.R. and corroborated Sypret's testimony that B.J. hit Sypret.

Tony Cragar, Dana Reed, Daniel Reed, B.J., and D.R. testified that neither B.J. nor D.R. hit or kicked Summers during the first fight, and that Daniel Reed had taken B.J. home before the Sypret incident. However, Sypret testified that B.J. hit him in the nose, and Marcus Joliett testified that B.J. was both hitting and kicking Sypret. Both Dana and Daniel Reed admitted they had lied under oath at the detention hearing.

B.J. contends there was insufficient evidence to support his conviction of battery in the third degree regarding Charles Sypret. The offense of battery in the third degree is defined at Ark. Code Ann. § 5-13-203 (Repl. 1993) as follows:

> (a) A person commits battery in the third degree if:
> (1) With the purpose of causing physical injury to another person, he causes physical injury to any person; or
> (2) He recklessly causes physical injury to another person; or
> (3) He negligently causes physical injury to another person by means of a deadly weapon; or
> (4) He purposely causes stupor, unconsciousness, or physical or mental impairment or injury to another person by administering to him, without his consent, any drug or other substance.
> (b) Battery in the third degree is a Class A misdemeanor.

In resolving the question of the sufficiency of the evidence in a criminal case, all evidence is viewed in the light most favorable to the appellee, and the decision is affirmed if there is substantial evidence to support the conclusion of the trier of fact. *D.D. v. State*, 40 Ark. App. 75, 842 S.W.2d 62 (1992). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* It is the duty of the trier of fact, the trial judge in the instant case, to resolve any contradictions, conflicts, and inconsistencies in a witness's testimony, *Id.*; and to determine the amount of credibility to be given to each witness's testimony. *Galvin v. State*, 323 Ark. 125, 912 S.W.2d 932 (1996).

■ Here, the trial judge stated that she was "more per-suaded by the testimony of Beth Longing, Mr. Summers, and Mr. Washburn, and Marcus Joliett, who have not, to my knowledge, lied under oath in this court, previously. I do not find any credibility, to speak of, in any of the witnesses called by the defense." Based upon the foregoing facts, there is substantial evidence to convict B.J. of third-degree battery in the Sypert incident.

Appellants also contend the trial court erred in finding them guilty of two counts of battery in the third degree, Class A misdemeanors, *and* one count of engaging in violent criminal activity, a Class D felony, because engaging in violent criminal activity is merely an enhancement of punishment statute, not a substantive offense. Therefore, engaging in violent criminal activity, as enumerated in Ark. Code Ann. § 5-74-108, would not be a Class D felony in itself, but rather would raise a third-degree battery Class A misdemeanor to a Class D felony. Appellants contend that the sentence imposed was excessive and improper due to the misapplication of the statute.

Arkansas Code Annotated § 5-74-108 (Repl. 1993) provides, in pertinent part:

> (a) Any person who violates any provision of Arkansas law which is a crime of violence while acting in concert with two (2) or more other persons shall be subject to enhanced penalties.
> (b) Upon conviction of a crime of violence committed while acting in concert with two (2) or more other persons, the classification and penalty range shall be increased by one (1) classification.

Appellee concedes, and we agree, that inasmuch as the commitment orders suggest that Ark. Code Ann. § 5-74-108 requires a separate sentence, they are in error. Yet, because the elements of engaging in violent criminal activity were proved, the trial court properly applied the sentence enhancement statute to appellants.

The trial judge found both appellants guilty of third-degree battery and imposed punishments prescribed in the juvenile code. See Ark. Code Ann. § 9-27-330 (Supp. 1995). Clearly, the trial judge has the authority to deal with delinquents in the manner she deems appropriate. Each of the punishments is specified in Ark.

Code Ann. § 9-27-330(a)(Supp. 1995); therefore, we cannot say that the penalties were excessive or improper.

We affirm the decision of the trial court with the modification that Ark. Code Ann. § 5-74-108 should not appear as a separate enumerated offense in the court's orders.

Affirmed as modified.

COOPER and STROUD, JJ., agree.