Corey JONES, Chantez McGhee, and
Dale Marcus Shaffer *v.* STATE of Arkansas

CR 97-1268                                   969 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered May 14, 1998

*James R. Marschewski*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellants, Corey Jones, Chantez McGhee, and Dale Marcus Shaffer, were charged by amended felony information in Sebastian County Circuit Court with second-degree battery for the September 27, 1996, beating of a night watchman while attempting to escape from

Ouachita Wilderness Institute, a juvenile-detention facility. The State sought enhancement of the battery charges under Ark. Code Ann. § 5-74-108 (Repl. 1997), which amplifies the felony classification and sentence-penalty range of a person convicted of a "crime of violence" while acting in concert with two or more persons. A person commits a "crime of violence" when he or she "purposely or knowingly causes . . . death or physical injury to another person." Ark. Code Ann. § 5-74-103(c) (Repl. 1997). During the attempted escape, the appellants struck the guard with a two-by-four and kicked him in the head. Following a jury trial, the jury found appellants guilty of third-degree battery. Pursuant to § 5-74-108, the circuit court sentenced McGhee, Jones, and Shaffer to terms of imprisonment of three years, two years, and one year, respectively.

On appeal, all of the appellants maintain that § 5-74-108 is unconstitutionally vague. Separate appellant Dale Marcus Shaffer also argues that his conviction should be reversed, and his case remanded, because the circuit court lacked jurisdiction to try him for the battery charge. While we find no merit to the appellants' vagueness argument, we agree with Shaffer that the circuit court lacked jurisdiction over his case. We affirm the convictions and sentences of Jones and McGhee, but reverse and remand Shaffer's case for transfer to juvenile court.

## I. Constitutionality of Ark. Code Ann. § 5-74-108 (Repl. 1997)

Appellants first assert that their convictions under engaging in violent group activity should be reversed because the statute is unconstitutionally vague. The statute in question, Ark. Code Ann. § 5-74-108 (Repl. 1997), provides in pertinent part that:

> (a) Any person who violates any provision of Arkansas law which is a crime of violence while acting *in concert* with two (2) or more other persons shall be subject to enhanced penalties.

> (b) Upon conviction of a crime of violence committed while acting *in concert* with two (2) or more other persons, the classification and penalty range shall be increased by one (1) classification.

(Emphasis added.) Particularly, the appellants complain that the statute fails to define the phrase "in concert."

The procedures for determining whether a statute is unconstitutionally vague are as follows:

Our review of challenges to the constitutionality of statutes begins with the principle that statutes are presumed to be constitutional. The burden of proving a statute is unconstitutional is upon the party challenging it. If it is possible to construe a statute as constitutional, we must do so.

The norm by which we determine when a statute is void-for-vagueness is whether it lacks ascertainable standards of guilt such that persons of average intelligence must necessarily guess at its meaning and differ as to its application. The law must give fair warning in definite language of the prohibited act. In addition to fair warning, a statute is also void-for-vagueness if it is so broad that it becomes susceptible to discriminatory enforcement. Nevertheless, flexibility, rather than meticulous specificity or great exactitude, in a statute is permissible as long as its reach is clearly delineated in words of common understanding. Moreover, impossible standards of specificity are not constitutionally required, even in criminal statutes. A statute will meet constitutional muster if the language conveys sufficient warning when measured by common understanding and practice. Additionally, it is not necessary that all kinds of conduct falling within the reach of the statute be particularized and the statute will not be struck down as vague only because marginal cases could be put where doubts might arise.

*Dougan v. State*, 322 Ark. 384, 912 S.W.2d 400 (1995); *quoting State v. Torres*, 309 Ark. 422, 424-425, 831 S.W.2d 903 (1992)(other citations omitted). A statute survives a due process challenge of vagueness if it is clear enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for police enforcement and for ascertainment of guilt. *Bridges v. State*, 327 Ark. 392, 938 S.W.2d 561 (1997); *Moore v. State*, 304 Ark. 257, 801 S.W.2d 638 (1990).

The statute in question is part of the Arkansas Criminal Gang, Organization, or Enterprise Act, which was modeled after the federal continuing criminal enterprise statute, 21 U.S.C. § 848. The intent of the Act is stated in Ark. Code Ann. § 5-74-102(e) (Repl. 1997), which provides that:

It is the intent of the General Assembly of the State of Arkansas to use as a model the federal continuing criminal enterprise statute, 21 U.S.C. § 848. *This should provide law enforcement officers, prosecutors, and our courts with ample case law to guide in the interpretation of the language and the legislative intent.* It is furthermore the intent of the General Assembly to focus the state's law enforcement agencies and prosecutors on investigating and prosecuting all ongoing organized criminal activity and to provide for penalties that will punish and deter organized ongoing criminal activity.

(Emphasis added.) In interpreting the federal continuing enterprise statute, the Eighth Circuit has stated that "[T]he plain meaning of the phrase 'in concert' signifies mutual agreement in a common plan or enterprise." *United States v. Lefkowitz*, 125 F.3d 608 (8th Cir. 1997); *quoting United States v. Rutledge*, 116 S.Ct. 1241, 1247 (1996). Moreover, the appellants did not object to a jury instruction submitted in the present case, which stated that:

The phrase "in concert" means to act pursuant to a common design or plan, or that Corey Jones and Dale Marcus Shaffer were part of an agreement or joint action to commit the crime of Battery in the Second Degree.

We conclude that § 5-74-108 conveys fair and sufficient warning when measured by common understanding. *See Dougan*, 324 Ark. at 392. Under these circumstances, we hold that § 5-74-108 is sufficiently clear to overcome the appellants' vagueness challenge.

## II. Motion to Transfer — Dale Marcus Shaffer

Separate appellant Dale Marcus Shaffer further asserts that the trial court erred in failing to transfer his case to juvenile court because he was fourteen years of age at the time of the incident. The State responds that we should affirm because Shaffer failed to abstract the motion, the trial court's ruling on the motion, or any testimony at the transfer hearing. According to the State, while Shaffer maintains on appeal that he was fourteen at the time of the offense, his pretrial motion to transfer states that he was fifteen at the time of the incident. Finally, the State contends that the circuit court possessed proper jurisdiction over Shaffer under Ark. Code Ann. § 9-27-318(b)(1) (Supp. 1995).

We could address this jurisdictional issue even if Shaffer had not raised it. *See Rice v. State*, 330 Ark. 257, 954 S.W.2d 216 (1997). Arkansas law provides that if a juvenile is fourteen or fifteen at the time the delinquent act occurs, the prosecuting attorney may charge him with certain enumerated crimes under Ark. Code Ann. § 9-27-318(b)(2) (Supp. 1995). While the jury found Shaffer guilty of third-degree battery, the State charged him with second-degree battery, Ark. Code Ann. § 5-13-202(a)(1) (Repl. 1997), which is not a listed charge. Specifically, the State's amended information alleged that Shaffer "did unlawfully and feloniously with the purpose of causing physical injury to another person caused serious physical injury to another person while acting in concert with two or more persons." Under § 5-74-108(b), "[u]pon conviction [of engaging in violent group activity], the classification and penalty range shall be increased by one (1) classification." As such, engaging in violent criminal activity is merely an enhancement of punishment statute, not a substantive offense. *See B.J. v. State*, 56 Ark. App. 35, 937 S.W.2d 675 (1997).

Arkansas State Police Investigator Alex Sylvester testified that, with respect to Shaffer's age, "I didn't verify his age at fourteen but I believe Investigator Hyden did that." The abstract includes Shaffer's arrest-information sheet, which shows his date of birth as November 20, 1981. Thus, on September 27, 1996, the date of the offense, Shaffer was fourteen years of age. Even if Shaffer had been fifteen, as the State suggests in its brief, it would make no difference. The circuit court had no jurisdiction to try Shaffer for second-degree battery in this case whether he was fourteen or fifteen, as second-degree battery, as defined in § 5-13-202(a)(1), is not an enumerated offense in §9-27-318(b)(2). Thus, we reverse and remand Shaffer's case for transfer to juvenile court.

Affirmed in part; reversed and remanded in part.