The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701-3809
Dear Senator Madison:
I am writing in response to your request for my opinion on the following questions:
 1. Is it the intent of A.C.A. § 26-26-1120 [that] a person be determined as disabled and be eligible for Medicaid and/or S.S.I. either by the Social Security Administration or the Arkansas Department of Human Services before that person is considered disabled for purposes of Amendment 79?
 2. Who makes the disability determination? The Social Security Administration? The Arkansas Department of Human Services? A private physician? The assessor?
 3. If § 26-26-1120 is a financial limitation as to who is disabled under Amendment 79, is it constitutional?
RESPONSE
In my opinion, the answer to your first question is "yes." I believe the statute clearly envisions that a finding of disability be a condition precedent to freezing an individual's real property assessments pursuant to Amendment 79. With respect to your second question, either the Social Security Administration or the Arkansas Department of Health and Human Services, working through a medical review team, can make a finding of disability. Private physicians may be contracted to provide expert counsel in this process. The assessor plays no role in making the disability determination. With respect to your third question, I believe A.C.A. § 26-26-1120 is clearly constitutional.
Question 1: Is it the intent of A.C.A. § 26-26-1120 [that] aperson be determined as disabled and be eligible for Medicaidand/or S.S.I. either by the Social Security Administration or theArkansas Department of Human Services before that person isconsidered disabled for purposes of Amendment 79?
In my opinion, the answer to this question is "yes." My inquiries reflect that Medicaid and/or S.S.I. disability determinations are made using federal guidelines by medical review teams employed either by the Arkansas Department of Health and Human Services, the Disability Determination for Social Security Administration, or the federal Social Security Administration. Under Amendment 79 and its implementing legislation, this determination must be made as a condition precedent to an individual's being subject to a freeze on his real property assessments.
Amendment 79 to the Arkansas Constitution provides in pertinent part that counties cannot increase the assessed value of the homesteads of the disabled or persons over the age of 65. See
Ark. Ops. Att'y Gen. Nos. 2005-111 and 2004-300 (generally discussing these provisions). Specifically with respect to the disabled, Section 1 of Amendment 79 provides as follows:
 (d)(1)(A) A homestead used as the taxpayer's principal place of residence purchased or constructed on or after January 1, 2001 by a disabled person or by a person sixty-five (65) years of age or older shall be assessed thereafter based on the lower of the assessed value as of the date of purchase or construction or a later assessed value.
 (B) When a person becomes disabled or reaches sixty-five (65) years of age on or after January 1, 2001, that person's homestead used as the taxpayer's principal place of residence shall thereafter be assessed based on the lower of the assessed value on the person's sixty-fifth birthday, on the date the person becomes disabled or a later assessed value.
 (C) If a person is disabled or is at least sixty-five (65) years of age and owns a homestead used as the taxpayer's principal place of residence on January 1, 2001, the homestead shall be assessed based on the lower of the assessed value on January 1, 2001 or a later assessed value.
Section 26-26-1120 of the Arkansas Code (Supp. 2005) provides in pertinent part:
 (a) As used in Arkansas Constitution, Amendment 79, the term" disabled person" means a person who:
 (1) Is disabled for purposes of Subchapter XIX of the Social Security Act [Medicaid] as in effect on January 1, 2003, for any period during the calendar year;
 (2) Is a permanently and totally disabled veteran as defined by 38 C.F.R., Part IV, as in effect on January 1, 2003; or
 (3) Has received permanent and total disability insurance benefits for any period of time during the calendar year.[1]
See Ark. Op. Att'y Gen. No. 2001-213 (generally discussing the scope of the "disabled person" exemption).
In my opinion, this legislation is unambiguous in declaring the test for Amendment 79 eligibility to be whether a person "is
disabled" (emphasis added), meaning that a determination of disability is a condition precedent to qualifying for a freeze on state property tax assessments.
Question 2: Who makes the disability determination? The SocialSecurity Administration? The Arkansas Department of HumanServices? A private physician? The assessor?
As noted in my response to your previous question, either the Social Security Administration or the Arkansas Department of Health and Human Services, using federal guidelines, can make a determination of disability that will trigger the application of Amendment 79. It is my understanding that these agencies employ medical review teams to undertake the pertinent analysis, sometimes contracting with private physicians to lend their expertise. The assessor plays no role in determining the fact of a disability.
Question 3: If § 26-26-1120 is a financial limitation as to whois disabled under Amendment 79, is it constitutional?
I take your question to be whether A.C.A. § 26-26-1120 defines "disabled" so narrowly that it impermissibly restricts certain individuals from receiving benefits the voters intended in approving Amendment 79. In my opinion, it does not.
In addressing this question, I am guided by the following principles of statutory construction:
 Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20
(1999); ACW, Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997). If it is possible to construe a statute as constitutional, we must do so. Jones v. State, 333 Ark. 208, 969 S.W.2d 618 (1998).
Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001).
Amendment 79 is not self-executing, meaning that the General Assembly was obliged to enact implementing legislation in order to realize its goals. Among this enabling legislation is the definition of "disabled" set forth at A.C.A. § 26-26-1120. Amendment 79 itself does not define the term, leaving the General Assembly to craft a reasonable definition. In my opinion, A.C.A. § 26-26-1120 more than meets the test of reasonableness, and the presumption of constitutionality would almost certainly withstand a judicial challenge.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] The definition of "permanently and totally disabled veteran" as used in 38 CFR, Part IV, applies to a potentially different range of individuals than does the exemption from taxation set forth at A.C.A. § 26-3-306. More specifically, the federal regulation provides in pertinent part:
 Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation; Provided, That permanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person.
(Italics in original.) Under A.C.A. § 26-3-306, a qualifying disabled veteran is completely exempt from taxation on his homestead and personal property. By contrast, individuals deemed disabled pursuant to 38 CFR, Part IV qualify only for the freeze discussed in my text.