The Honorable Johnny Key State Representative 1030 Highway 62 E Mountain Home, Arkansas 72653-3216
Dear Representative Key:
I am writing in response to your request for an opinion on several questions concerning the designation of a "fire service coordinator" pursuant to the following Arkansas Code section, which is the codification in part of Act 833 of 1991:
 No rural volunteer fire department or district shall receive payments or disbursements from the Fire Protection Premium Tax Fund unless the county quorum court and the board of commissioners of the fire protection district designate the current county fire service coordinator or designate a county fire service coordinator who shall be responsible for seeing that standard guidelines established by the Arkansas Fire Protection Services Board pursuant to § 20-22-801 et seq., are followed.
A.C.A. § 14-284-405(a) (Repl. 1998) (codification of Section 3(c) ofAct 833 of 1991).
As background for your questions, you report:
 On August 5, 1997, the Baxter County Quorum Court passed an ordinance creating the county employee position of Baxter County Safety Coordinator/Assistance Fire Services. On the same day, it also passed an ordinance (97-11) creating the county employee position of Office of Emergency Services Director. Once this *Page 2 
position was created the hiring authority went completely to the county judge.
 One of the duties and responsibilities listed in the job description of both Office of Emergency Services Director and Baxter County Safety Coordinator/Assistant Fire Services are the duties of Fire Services Coordinator.
Against this backdrop, you ask:
 1. It appears the creation of these county employee positions and duties listed in the job descriptions of the Office of Emergency Services Director and Baxter County Safety Coordinator/Assistant Fire Services conflict with Act 833 of 1991 as the Rural Volunteer Fire Department and/or Protection District's Board of Commissioners did not participate in designation of the Fire Service Coordinator. Is this correct?
 2. According to Act 833, may each Volunteer Fire Department and District designate different Fire Service Coordinators for their departments or do they have to designate the same Fire Service Coordinator?
 3. Can a Fire Protection District's Board of Commissioners designate a representative (such as the fire chief or head commissioner) to represent them in the designation of the Fire Services Coordinator or County Fire Services Coordinator with the County Quorum Court?
 4. Are there term limits for the designated Fire Services Coordinator or County Fire Service Coordinator?
 5. Does an ordinance passed by a County Quorum Court supersede a law passed by the state legislation and/or the state constitution?
RESPONSE
In response to your first question, I see no conflict between such an ordinance and Act 833, given that the quorum court must establish all county employee positions, and that all such positions must be filled by the county judge. I will note, *Page 3 
however, that the act appears to generally contemplate the designation of one "county fire service coordinator." It is my opinion in response to your second question that there should be one county fire service coordinator, but that fire departments are not included in making this designation. Your third question appears to assume that the designation of a fire service coordinator pursuant to A.C.A. § 14-284-405(a) necessarily involves the actual selection of a person to fulfill these responsibilities. As explained further below, however, where the position of county fire service coordinator has been established by the quorum court, the person currently serving in that positionmust in my opinion be designated pursuant to subsection 14-284-405(a) in order for a rural fire department or fire protection district to receive so-called "Act 833 funds." The answer to your fourth question regarding "term limits" for the fire service coordinator is "no," in my opinion. In response to your fifth question, a county quorum court clearly is without power to enact an ordinance that is contrary to state law.See Ark. Const. amend. 55, § 1; A.C.A. § 14-14-805(13) (Repl. 1998); Op. Att'y Gen. 2004-271.
Question 1 — It appears the creation of these county employeepositions and duties listed in the job descriptions of the Office ofEmergency Services Director and Baxter County SafetyCoordinator/Assistant Fire Services conflict with Act 833 of 1991 as theRural Volunteer Fire Department and/or Protection District's Board ofCommissioners did not participate in designation of the Fire ServiceCoordinator. Is this correct?
The premise of this question presupposes that the ordinance circumvents the designation of the Fire Service Coordinator by the fire protection district.[1] In my opinion, however, this mistakenly assumes that this "designation" necessarily involves the actual selection of a person to fulfill the responsibilities set forth in the statute. I interpret the designation provision primarily as a statutory prerequisite or condition to a rural volunteer fire department's or fire protection district's receipt of so-called "833 funds," and not as affirmative authority to designate a "coordinator" where the position currently exists pursuant to local ordinance.
The "833 funds" are comprised of a 0.5% insurance premium tax assessed to provide additional funding for fire protection services within each county. See A.C.A. *Page 4 
§ 26-57-614 (Supp. 2007); A.C.A. §§ 14-284-401 (Repl. 1998). The tax moneys are disbursed to the counties in percentages set forth under A.C.A. § 14-284-403(a)(1) (Supp. 2007), and apportioned by each quorum court to fire protection entities and municipalities based upon population,id. at (a)(2)(A), unless the County Intergovernmental Cooperation Council identifies the fire protection needs, in which case apportionment is made by the quorum court based on those needs.Id. Relevant to your specific question, no rural volunteer fire department or fire protection district may receive such funds:
 . . . unless the county quorum court and the board of commissioners of the fire protection district designate the current county fire service coordinator or designate a county fire service coordinator who shall be responsible for seeing that standard guidelines established by the Arkansas Fire Protection Services Board pursuant to § 20-22-801 et seq., are followed.
A.C.A. § 14-284-405(a) (Repl. 1998).
This requirement that the quorum court and fire protection district "designate the current county fire service coordinator or designate a county fire service coordinator" admittedly is not altogether clear, and might at first glance give the impression that the quorum court and district have been given general authority to select the coordinator. I believe it becomes clear upon further consideration, however, that this view of the designation provision is misguided. In my opinion, subsection 14-284-405(a) is primarily concerned with ensuring that the referenced guidelines are followed. The statute clearly conditions the disbursement of Act 833 funds upon the designation of either the "current" or another "county fire service coordinator" who will "b e responsible for seeing that [the] standard guidelines . . . are followed," but it does not otherwise purport to address how this position is to be established. To conclude otherwise would, moreover, run afoul of the Arkansas Constitution, which empowers the quorum court to set the number and compensation of county employees, but which vests the county judge with exclusive hiring authority. Ark. Const. amend. 55, §§ 3 and 4. The statute must be construed as constitutional, if possible,see Jones v. State, 333 Ark. 208, 969 S.W.2d 618 (1998). This can be accomplished, in my opinion, by recognizing that the statute is not concerned with vesting appointment authority in the quorum court or a fire improvement district. Rather, the quorum court retains its authority to create the position of "county fire service coordinator," to be filled by the county judge. Where such position has been created, this "current" coordinator must be *Page 5 
designated in order for 833 funds to be disbursed. In my opinion, this designation involves no discretion. If there is no "current county fire service coordinator," the quorum court and district might in that circumstance designate another county employee as coordinator with the stated responsibilities.
With regard to your specific question, therefore, I see no conflict between Act 833 and an ordinance of this nature creating the county employee positions of Baxter County Safety Coordinator/Assistance Fire Services and Office of Emergency Services Director, to include the duties of Fire Service Coordinator. I will nevertheless note, as explained in response to your second question, that subsection 14-284-405(a) does appear to generally contemplate the designation of one "County Fire Service Coordinator." I have not seen the Baxter County ordinance and cannot determine from your factual recitation whether it actually creates two separate coordinator positions. If so, I believe that could be problematic. Any issue in that regard should be referred to local counsel.
Question 2 — According to Act 833, may each Volunteer Fire Departmentand District designate different Fire Service Coordinators for theirdepartments or do they have to designate the same Fire ServiceCoordinator.
To the extent this question implies discretionary authority to select a coordinator where the position currently exists pursuant to local ordinance, the question in my opinion has a faulty premise, for the reasons explained above. It should also be noted that fire departments do not make the requisite designation. See n. 1, supra.
In the event there is no "current county fire service coordinator" position, the quorum court and district may in my opinion designate another existing county employee as coordinator with the responsibility for seeing that the applicable guidelines are followed. The statute in my opinion contemplates one coordinator in this regard, however.
Question 3 — Can a Fire Protection District's Board of Commissionersdesignate a representative (such as the fire chief or head commissioner)to represent them in the designation of the Fire Services Coordinator orCounty Fire Services Coordinator with the County Quorum Court?
See responses to Questions 1 and 2 regarding the designation of a coordinator where the position currently exists pursuant to local ordinance. Subsection 14-284-405(a) in my opinion implies no discretionary authority in that instance. If *Page 6 
there currently is no such county position, then as stated above, I believe the quorum court and district may designate another existing county employee as coordinator, in which case I see no problem with a district having its fire chief or head commissioner make this determination together with the quorum court.
Question 4 — Are there term limits for the designated Fire ServicesCoordinator or County Fire Service Coordinator?
The answer to this question is "no," in my opinion.
Question 5 — Does an ordinance passed by a County Quorum Courtsupersede a law passed by the state legislation and/or the stateconstitution?
A county quorum court clearly is without power to enact an ordinance that is contrary to state law. Arkansas Constitution Amendment 55, Section 1(a) provides that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Consistent with this constitutional provision, A.C.A. § 14-14-805(13) (Repl. 1998) provides that "[e]ach county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following: Any legislative act contrary to the general laws of the state." Whether or not a county ordinance contravenes this proscription can only be determined with reference to the particular local measure at issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] It should be noted that A.C.A. § 14-284-405(a) requires thequorum court and fire protection district to designate a county fire service coordinator. The statute does not include a rural volunteer fire department in this regard. *Page 1