Martin Eisele, L.Ac., President Arkansas State Board of Acupuncture Related Techniques 1020 West 4th Street, Suite 400 Little Rock, Arkansas 72201
Dear Mr. Eisele:
I am writing in response to your request for my opinion on the following questions:
 1. Since the Arkansas Acupuncture Practices Act ("AAPA") defines an acupuncturist as a "doctor of healing arts" and simultaneously prohibits an acupuncturist from using the title "doctor," is the law as amended in conflict with itself?
 2. If question 1 is answered in the affirmative, can acupuncturists licensed under the AAPA use the title "doctor," "Doctor of Oriental Medicine," or "Doctor of Healing Arts" as the Board sees fit?
 3. Regardless of any existing conflict, can those acupuncturists licensed in Arkansas who have earned the title "doctor" through other legitimate educational paths, be denied the right to use that title when practicing only acupuncture in Arkansas?
 4. If question 3 is answered in the negative, how does ASBART determine how to effectively administer the law in fairness to all licensees as the new amendment to the law does not make a distinction for this type of case? *Page 2 
 5. If question 3 is answered in the affirmative, what legal reasoning would support ASBART's response, and the Attorney General, who represents ASBART, in defense against petitions or lawsuits filed by those who have rightfully earned the title "doctor" from other educational paths?
RESPONSE
In my opinion, the answer to your first question is "no" because the express prohibition in the amendment against the use of the term "doctor" by an acupuncturist repealed by implication the use of this term in the earlier legislation. Your second question is consequently moot. In my opinion, the answer to your third question is "yes." I believe it would amount to false advertising for an acupuncturist in the course of his or her practice to use the title of "doctor" earned in another discipline. I consequently consider it permissible for the legislature to deny an acupuncturist with a degree in another discipline the right to use this title. Your fourth question is consequently moot. I must decline to answer your fifth question, which is not appropriate for a formal opinion from this office. This question should be addressed to agency counsel.
Question 1: Since the Arkansas Acupuncture Practices Act("AAPA") defines an acupuncturist as a "doctor of healing arts" andsimultaneously prohibits an acupuncturist from using thetitle "doctor," is the law as amended in conflict with itself?
In my opinion, the answer to this question is "no" because the amendment to the legislation amounts to a repeal by implication of the earlier legislative description of an acupuncturist as a "doctor." The legislative history and attendant circumstances discussed below support the conclusion that the statute as amended clearly mandates that the prohibition against the use of the title "doctor" by any acupuncturist be observed.[1] *Page 3 
The Arkansas Acupuncture Practices Act appears in the Arkansas Code as A.C.A. §§ 17-102-101 through -106 (Repl. 2010).
The reference to an acupuncturist as a "doctor" appears in the definitional section of the above referenced chapter as follows:
 "Acupuncturist" means a person licensed under this chapter as a doctor of healing arts to practice acupuncture and related techniques in this state and includes the terms licensed acupuncturist, certified acupuncturist, acupuncture practitioner, and Oriental acupuncture practitioner[.][2]
(Emphasis added.) This definition was enacted pursuant to Acts 1997, No. 816, § 2.
The subsections of the Code prohibiting an acupuncturist from using the title "doctor" provide as follows:
 (b) It constitutes false advertising under this section for an acupuncturist as defined in § 17-102-102(2) to refer to himself or herself other than as a licensed acupuncturist, certified acupuncturist, acupuncture practitioner, or Oriental acupuncture practitioner.
 (c) A person licensed or certified under this chapter shall not identify himself or herself as a doctor or physician.[3] *Page 4 
(Emphasis added.) Both of these subsections were added to the statute pursuant to Acts 2009, No. 1461, § 1.
Although there is a clear tension between these two provisions, I believe that tension can be resolved applying standard principles of statutory construction. In construing this statute, I am guided by the following:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.[4]
In addition, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if *Page 5 
possible.[5] Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together."[6] When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other.[7] Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter.[8] Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act.[9]
Applying these principles, I believe the provisions of the Code prohibiting an acupuncturist from using the title "doctor" clearly control over the previously enacted definitional section that refers to anyone included in any of the four recited categories of acupuncturists as a "doctor of healing arts." The above recited subsections (b) and (c) of the statute prohibiting the use of this term were enacted in a legislative session following the session in which the term "doctor of healing arts" was used. In expressly barring the use of the title "doctor" by acupuncturists, these subsections are further more specific than the definitional subsection, which appears intended primarily to specify that an "acupuncturist" is a person licensed by the state in one of the four areas specified in the definition. I do not read this definition as intended to confer on any acupuncturist the title "doctor," irrespective of whether his or her degree might designate him or her as such.
In my opinion, the above quoted subsections clearly reflect a legislative intention flatly to prohibit the use of the title "doctor" by acupuncturists, regardless of whether they might be permitted to use that title in other jurisdictions. I consider the legislature's restriction on the use of this term perfectly consistent with its power to set the conditions for the licensure of professionals in the state. *Page 6 
In short, then, I believe the legislature has imposed a blanket proscription against the use of the title "doctor" by acupuncturists. The fact that the term "doctor of healing arts" remains in the definition of "acupuncturist" may invite legislative remedy. I believe it is clear from the legislative history, however, that the legislature intended in the 2009 session to prohibit the use of this title. Accordingly, to the extent a conflict exists, I believe the use of this term in the definition was repealed by implication through the 2009 amendment.[10]
 Question 2: If question 1 is answered in the affirmative, canacupuncturists licensed under the AAPA use the title "doctor,""Doctor of Oriental Medicine," or "Doctor of Healing Arts" as theBoard sees fit?
This question is moot in light of my response to your first question.
I will note, however, that any effort by the Board to authorize the use of such a title by an acupuncturist would flout what I consider the legislature's clear intention. Given that the Board is a creature of the legislature, I believe any *Page 7 
attempt to authorize the use of such a title would be deemedultra vires and hence impermissible.[11]
 Question 3: Regardless of any existing conflict, can thoseacupuncturists licensed in Arkansas who have earned thetitle "doctor" through other legitimate educational paths, be deniedthe right to use that title when practicing only acupuncture inArkansas?
Although this question is one properly addressed by a reviewing court, I believe a finder of fact would in all likelihood answer "yes." I believe the legislature has the authority to deny any licensed practitioner of acupuncture the use of the title "doctor" in association with the practice of acupuncture.[12]
If by "other legitimate educational paths" you mean an educational background that has resulted in an individual's having earned a doctorate in some discipline other than acupuncture, I believe the use of the title "doctor" in connection with the practice of acupuncture would be highly misleading and clearly barred under subsection (b) of the statute recited in my response to your first question. This subsection characterizes as "false advertising" any reference by a licensed acupuncturist to himself or herself as anything other than "a licensed acupuncturist, certified acupuncturist, acupuncture practitioner, or Oriental acupuncture practitioner." In my opinion, the fact that someone has earned a doctorate in, say, English literature, would not warrant his or her using the title "doctor" in the course of practicing acupuncture.
Question 4: If question 3 is answered in the negative, howdoes ASBART determine how to effectively administer the law infairness to all licensees as the new amendment to the law does notmake a distinction for this type of case? *Page 8 
This question, which is unclear in its reference to "this type of case," is in any event moot in light of my response to your third question.
Question 5: If question 3 is answered in the affirmative,what legal reasoning would support ASBART's response, andthe Attorney General, who represents ASBART, in defense againstpetitions or lawsuits filed by those who have rightfully earned thetitle "doctor" from other educational paths?
This question is not one appropriately addressed to the opinions division of this office. My formal opinions generally only clarify the contours of state law for the benefit of those officials statutorily authorized to request an opinion.[13] They do not map what might be appropriate litigation strategy in the event a state agency is challenged in its application of the law. Such matters should be addressed to the agency counsel assigned to your board.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As you note in your request, the same issues were presented to this office in 2009. In Op. Att'y Gen. No. 2009-093, I declined to address these issues because of then pending litigation addressing the same questions. That case was reportedly dismissed, prompting your resubmission in your current request. Although I am aware of currently pending litigation involving the permissible scope of practices by what the plaintiff acupuncturists characterize as "doctors of oriental medicine," my review of the pleadings in that action suggests that an acupuncturist's use of the honorific "doctor" is not at issue in that case. See Martin v. ArkansasBoard of Acupuncture and Related Techniques, Miller County Circuit Court Case No. CV-2010-350-2. I will accordingly address your questions as presented.
[2] A.C.A. § 17-102-102(2).
[3] A.C.A. § 17-102-104. I must stress, however, that this proscription against an acupuncturist using the title "doctor" applies only to individuals subject to the licensure requirement set forth in the Code chapter at issue. Subsection 17-102-310 exempts from the requirement of licensure the following categories of practitioners:
 Nothing herein shall be construed to prohibit or to require a license hereunder with respect to the practice of medicine and surgery, chiropractic, osteopathy, dentistry, podiatry, optometry, Christian Science, physical therapy, cosmetology, massage therapy, or any branch of the healing arts as defined by the laws of this state as now or hereafter enacted, it not being intended by this chapter to limit, restrict, enlarge, or alter the privileges and practices of any of these professions or branches of the healing arts.
Section 17-102-311 elaborates on these exemptions as follows:
 Nothing in this chapter is intended to limit, interfere with, or prevent any other class of licensed health care professionals from practicing acupuncture and related techniques when permitted by its state licensing board. However, a chiropractic physician shall be entitled to practice acupuncture as part of chiropractic practice after completing an educational program in acupuncture from a college accredited by the Council on Chiropractic Education.
To the extent a board licensing practice in the recited professions allows, then, it would appear that the proscription against the use of the title "doctor" — as, for instance, in the case of a physician authorized to engage in acupuncture — would not apply.
[4] Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp.,363 Ark. 22, 210 S.W.3d 878 (2005); see also Ops. Att'y Gen. 2005-072 and 2004-339.
[5] Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993);City of Fort Smith v. Tate,311 Ark. 405, 844 S.W.2d 356 (1993).
[6] Donoho v. Donoho,318 Ark. 637, 887 S.W.2d 290 (1994).
[7] Id.; Ward School Bus Mfg., Inc. v. Fowler,261 Ark. 100, 547 S.W.2d 394 (1977).
[8] Donoho, supra.
[9] Daniels v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980).
[10] You have not asked, and I will not speculate, regarding what form a challenge to the amendment might take. I will note, however, that the currently pending complaint regarding the legislature's curtailment of acupuncture practices alleges that the pertinent legislation violates acupuncturists' constitutional liberty and property rights. See Martin, supra n. 1.
Without anticipating what might be the nature of a challenge to the amendment at issue, I will note that the legislature may enact any laws that do not run afoul of the state or federal constitution or preemptive federal law. It is well settled that the Arkansas Constitution is not a grant, but a limitation of powers, and that the legislature may rightfully exercise the power of the people, subject only to restrictions and limitations imposed by the Arkansas or United States Constitution. Wells v. Purcell,267 Ark. 456, 592 S.W.2d 100 (1979). In reviewing any challenge, a reviewing court would be guided by the following:
 Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); ACW, Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997). If it is possible to construe a statute as constitutional, we must do so. Jones v. State, 333 Ark. 208, 969 S.W.2d 618 (1998). In construing a statute, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. McLeod v. Santa Fe Trail Transp. Co., 205 Ark. 225, 168 S.W.2d 413 (1943).
Bunch v. State, 344 Ark. 730, 736, 43 S.W.3d 132 (2001).
[11] See Op. Att'y Gen. No. 2008-166 (discussing possibleultra vires conduct by the Acupuncture Board).
[12] It is unclear what you mean by the term "other legitimate educational paths," which might be read as implying that at least one existing "legitimate educational path" would justify a licensed acupuncturist, as distinct from qualifying individuals discussed in note 3, supra, in using the title "doctor." As discussed above, I do not believe this to be the case.
I appreciate that this coinage might alternatively be read as acknowledging that a doctorate in the field of acupuncture will not support using the title "doctor" in Arkansas.
[13] See A.C.A. § 25-16-706 (Repl. 2002). *Page 1